**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ALLEN D. JEFFERSON,              Plaintiff, | § § § | |
| v. | § § | No. 3:05-CV-2224-G ECF |
| PS TEXAS HOLDINGS, LTD., ET AL.,              Defendants. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**Parties:**

Plaintiff is proceeding pro se, and has been granted leave to proceed *in forma pauperis*. Defendants are P.S. Texas Holdings, Ltd., and Johnny Dow, manager of a public storage facility.

**Factual background:**

Plaintiff states that on July 10, 2003, he entered a rental agreement with Defendants for a storage unit. Plaintiff paid the rental fees until May 1, 2005. On or around July, 2005, he states the Defendants, without notification, sold the contents of his storage unit because he failed to pay two month's storage fees.

Plaintiff files this suit against Defendants for loss of personal property, reckless and malicious invasion of privacy, and illegal dissemination of sensitive personal information.

Plaintiff states that the contents of his storage unit included personal photos, videotapes, medical and tax records and other personal information.  He claims Defendants' actions violated his civil rights, his Fourth Amendment rights, and his right to privacy under the Federal Privacy Act of 1974, 5 U.S.C. § 552, *et seq*. and the Privacy Protection Act of 1980, 42 U.S.C. § 2000a, *et seq*.  He states his damages are no less than 18.5 million dollars.

**Discussion:**

Federal courts are courts of limited jurisdiction.  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Although Plaintiff cites a number of federal statutes and the United States Constitution, he has failed to establish federal question jurisdiction.  For each jurisdictional provision that Plaintiff cites, a required element is governmental action.  To establish a violation of his civil rights under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law."  The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States.  *Shelley v. Kramer*, 334 U.S. 1, 13 (1948).  The Fourteenth Amendment

does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

Likewise, although Plaintiff alleges Defendants violated his Fourth Amendment rights under the United States Constitution, and his privacy rights under the Federal Privacy Act of 1974, 5 U.S.C. § 552a(g)(4), and the Privacy Protection Act of 1980, 42 U.S.C. § 2000aa-6, these provisions regulate only governmental action. Plaintiff has not alleged Defendants are governmental actors. These claims should therefore be dismissed.

Plaintiff has failed to establish federal question jurisdiction. His claims appear to arise under state law. Federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. In this case, Plaintiff lists his address as Dallas, Texas. He also lists the Defendants' address as Dallas, Texas. (Magistrate Judge's Questionnaire, Answer No. 2). Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under § 1332. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may sua sponte raise the jurisdictional issue at any time. *Id*. Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

3

**RECOMMENDATION:**

The Court recommends that this case be dismissed for lack of subject matter jurisdiction.

Signed this 3rd day of February, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.   See Thomas v. Arn, 474 U.S. 140, 150, (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).